OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding the executor requests author *975 ity to distribute the shares payable to three infants to proposed inter vivos trusts for each of the infants.
Article fifth of the will grants to the executor what was historically termed a power in trust for the benefit of minors, and, presently, a “power during minority to manage property vested in an infant” (EPTL 10-3.1 [b]). The power grants to the executor as “donee of a power” fairly broad control over the property “until the minor attains his or her majority.” (Art FIFTH.)
One of the purposes sought to be achieved by transferring each of the shares to an inter vivos trust is to extend authority over these funds beyond the age of 18 years. Pursuant to EPTL 2-1.10 as to instruments executed on or after September 1, 1974, unless otherwise provided, the term “majority” refers to a person who shall have reached the age of 18 years (EPTL 2-1.10 (a]). Since the decedent’s will was executed on February 28, 1989 and contains no indication of a provision otherwise, EPTL 2-1.10 is controlling and the donee’s power would accordingly terminate at age 18.
A resolution of the question requires a consideration of the nature of a power during minority or the traditional power in trust. The present statutory formulation sets forth its essential characteristics in a nutshell: It is a “power during minority to manage property vested in an infant”. (EPTL 10-3.l[b].) First, the power of the donee is merely to manage; no title is conveyed. Secondly, the property is vested in the minor. There is, accordingly, a critical distinction between a power during minority and an express trust. In the former, the donee has no title whatsoever but merely a power of management, whereas an essential characteristic of a trust is that the trustee holds title to the corpus (Matter of Kellogg, 187 NY 355; EPTL 7-2.1; 14 Warren’s Weed, New York Real Property, Trusts, § 3.02 [3]). A recitation of the distinction is itself sufficient to supply the answer to the question. Since a conveyance of title to a trustee would be a prerequisite to the contemplated trust and since a donee of a power has no title to convey, the property being vested in the infants, the requested authority must be denied.
The final provision of the power which gives the donee the power to “expend such property in such other manner as in their discretion they believe will benefit such minors” does not require a contrary determination. The quoted provision follows the authority granted the donee to pay the property to the minor’s parent for the minor’s benefit or to a custodian for such minor. Such powers again do not change the essential feature that the property is vested in the infants and not the donee.
*976 The fee of the guardian ad litem is fixed in the amount requested for all services rendered.